UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

       - v. -

TYSHAWN STEVENS,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:
:
:    CONSENT PRELIMINARY ORDER
:    OF FORFEITURE AS TO
:    <u>SPECIFIC PROPERTY</u>
:
:    25 Cr. 432 (NSR)
:
:

WHEREAS, on or about September 25, 2025, TYSHAWN STEVENS (the "Defendant"), was charged in an Information, 25 Cr. 432 (NSR) (the "Information"), with possession or receipt of a stolen vehicle (Count One); and conspiracy to commit fraud and related activity in connection with identification documents (Count Two);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(5), of any and all property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, from the commission of the offense charged in Count One of the Information including but not limited to a sum of money in United States currency representing the amount of gross proceeds traceable to the commission of the offense charged in Count One of the Information and the following specific property: A gray 2020 BMW 3 Series, VIN WBA5U9C00LFH678 (the "Vehicle");

WHEREAS, the Information included a forfeiture allegation as to Count Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1028(b), of any and all property constituting, or derived from, proceeds obtained directly or indirectly as a result of the offense charged in Count Two of the Information and any and all personal property used or intended to be used to commit the offense charged in

Count Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Information;

WHEREAS, on or about September 25, 2025, the Defendant pled guilty to Counts One and Two, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One and Two and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 928(a)(2)(B), and 1028(b), and Title 28, United States Code, Section 2461(c) all right, title and interest of the defendant in the Vehicle;

WHEREAS, the Defendant consents to the forfeiture of all his right, title and interest in the Vehicle seized by the Government on or about March 26, 2025, in the Bronx, New York (the "Specific Property") as property constituting the proceeds of the offenses charged in Counts One and Two of the Information; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Kathryn Wheelock, of counsel, and the Defendant and his counsel, Daniel A. McGuinness, Esq., that:

1.      As a result of the offenses charged in Counts One and Two of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant TYSHAWN STEVENS, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov.  This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.  Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii)

shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9.      The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

10.    The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York


By: _____          __1-8-26____
      Kathryn Wheelock                                              DATE
      Assistant United States Attorney
      26 Federal Plaza
      New York, NY 10278
      (212) 637-2415


TYSHAWN STEVENS


By: _____          1/9/26
      Tyshawn Stevens                                             DATE


By: _____          1/9/26
      Daniel A. McGuinness, Esq.                           DATE
      Attorney for Defendant
      Law Offices of Daniel A. McGuinness, PC
      353 Lexington Avenue Suite 900
      New York, New York 10016


SO ORDERED:

_____          1/9/2026
HONORABLE NELSON S. ROMÁN                DATE
UNITED STATES DISTRICT JUDGE